UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:07-CR-44-H

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.

ZHONG LIN                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Zhong Lin ("Lin"), pursuant to the Fifth and Sixth Amendments to the United States Constitution, as well as Title 28, United States Code, Section 1651, the All-Writs Act, has moved to permit withdrawal of his previous plea of guilty and set aside his Judgment of Conviction and Sentence. The Court has reviewed the memoranda, heard testimony and concludes that the motion is well taken.

I.

In 2007, a one count information was filed against Lin and two co-defendants, namely, Man Chau Cheng and Yan Lin Fong, charging each with conspiracy to defraud the United States for the purpose of impeding and obstructing the Internal Revenue Service of the Treasury Department in the administration of the tax laws, in violation of Title 18, United States Code, Section 371. On May 31, 2007, Lin and his co-defendants appeared before the Court for a change of plea hearing. A written plea agreement, pursuant to Rule 11(c)(1)(B), had previously been filed with the Court. Lin entered a plea of guilty to the one count of conspiracy.

On September 23, 2008, the Court entered Judgment of Conviction against Lin and sentenced him to a term of one year probation. Lin was ordered to pay a special assessment in

the amount of $100,00; a fine in the amount of $6,000.00; and restitution in the amount of $140,367.77 to the Internal Revenue Service. Lin successfully completed his one (1) year term of probation and has paid his $100.00 special assessment fee and $6,000.00 fine. In addition, Lin has paid his restitution to the Internal Revenue Service in the amount of $140,367.77. Further, Lin has had no new offenses filed against him.

## II.

The Supreme Court has held that criminal defense counsel's failure to accurately advise about immigration consequences falls below accepted professional norms. *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). This case does not create a new rule or criminal constitutional law and, therefore, *Padilla* governs petitions for post-conviction relief filed after the court's decision.

When faced with a request for post-conviction relief, courts generally look to the law that existed when a case became final on direct appeal because the post-conviction petition is deciding whether the decision was unfair when initially rendered. *Teague v. Lane*, 489 U.S. 288 (1989). If the Supreme Court case creates a new criminal rule after a petitioner's case became final, the default will be that a petition for post-conviction relief cannot benefit from the new rule because it was not the law when the decision became final.

Not all new Supreme Court decisions that expand legal rights of a criminal defendant create new rules. If a new Supreme Court case merely applies an existing rule to a different set of facts, then it does not create a new rule, but merely applies correctly the law that existed when a person's case became final. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). *Padilla* is an example of such a case. A Supreme Court decision, such as *Padilla*, applying an old rule applies to post-conviction review. *Whorton v. Bockting*, 549 U.S. 406, 416 (2007).

The language in *Padilla* strongly suggests that the decision does not create a new criminal rule. The *Padilla* court went to great lengths to advise that its decision will not "open the flood gates" to a significant number of new post-conviction petitions. 130 S.Ct. at 1485. This extensive discussion would not be necessary or make sense if *Padilla* only applied prospectively. Moreover, the court's statement that "[i]t seems unlikely that our decision today will have a significant effect on those convictions already obtained as the result of plea bargains" also contemplates a retroactive application of the court's decision. *Id.* Finally, the court's discussion of the relationship between *Hill v. Lockhart*, 474 U.S. 52 (1985) and *Strickland* reinforces the position that the court is not articulating a new rule in *Padilla*, 130 S.Ct. 1485 n.12. The Court concludes that *Padilla* did not create a new rule.

Although only a few courts have weighed in on the question of *Padilla*'s retroactive application, several courts have found the decision may be applied to convictions, which became final before the *Padilla* decision on March 31, 2010, and, thereby applied *Padilla* retroactively. *See United States v. Chaidez*, _____ F.Supp.2d _____, 2010 WL 3184150 (N.D. Ill.); *United States v. Hubenig*, 2010 WL 2650625 at 8 (E.D. Cal. July 1, 2010); *People v. Bennett*, 906 N.Y.S. 2d 696, 700 (N.Y. Crim.Ct. 2010). The Court concludes that the *Padilla* court intended its decision to be applied retroactively to individuals such as Lin.

III.

A petition for a writ of *coram nobis* pursuant to Title 28, United States Code, Section 1651, the All-Writs Act, is available to challenge federal convictions in the wake of the *Padilla* decision. At common law, the writ of *coram nobis* existed to correct errors of fact or to make technical corrections in a judgment. *United States v. Morgan*, 346 U.S. 502, 507 (1954). The

modern version of this writ is broader than at common law. *United States v. Denedo*, 129 S.Ct. 2213 (2009). The writ of *coram nobis* permits courts in "extraordinary" cases that present compelling circumstances "to achieve justice" where no other remedies are available." *Morgan*, 346 U.S. at 510-11. According to the Supreme Court, a *coram nobis* petition is not a new proceeding, but an extension of the original proceeding for which Title 28, United States Code, Section 1651, the All-Writs Act, provides jurisdiction to an Article I or Article Three Court to correct an earlier legal or factual error. *See United States v. Morgan*, 346 U.S. 502 (1954).

The Court concludes that Lin's personal characteristics and history present "extraordinary" circumstances to justify granting him relief from his Judgment of Conviction and Sentence "to achieve justice, where no other remedies are available." It is also clear from the testimony that Lin entered into his plea agreement based upon mistaken legal advice only recently revealed.

Lin and his wife, Man Chau Cheng, have two children, ages 11 and 9. Lin's wife and children are citizens of the United States of America. Lin has been in this country for most of his adult life and has significant business interests in the United States. He has strong family and community ties in the United States. Lin has no family or community ties to his homeland China.

Lin's plea to conspiring to violate tax laws, while a serious offense, was a victimless crime and did not present any injury or threat of injury to any person. Lin has paid all of his fees, fines and restitution as ordered and has successfully completed his sentence of probation. Lin is now subject to removal from the United States and his family, his friends and his business interests. This would be a great injustice. The government will not be prejudiced by the Court

granting Lin's motion to set aside his plea and sentence.  Defendant Lin is entitled to relief requested.

For all these reasons and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to withdraw plea of guilty and set aside the Judgment of Conviction and Sentence be, and hereby is, GRANTED.

cc:     Counsel of Record